Matter of Greebel (2021 NY Slip Op 02524)





Matter of Greebel


2021 NY Slip Op 02524


Decided on April 28, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
MARK C. DILLON
CHERYL E. CHAMBERS
BETSY BARROS, JJ.


2018-06679

[*1]In the Matter of Evan Louis Greebel, a suspended attorney. Grievance Committee for the Ninth Judicial District, petitioner; Evan Louis Greebel, respondent. (Attorney Registration No. 3933280)



Application pursuant to 22 NYCRR 1240.10 by Evan Louis Greebel, who was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 20, 2001, inter alia, to resign as an attorney and counselor-at-law. By decision and order on motion of this Court dated January 3, 2019, the respondent was immediately suspended from the practice of law pursuant to Judiciary Law § 90(4)(f) as a result of his conviction of serious crimes, further disciplinary proceedings were held in abeyance pending the respondent's release from incarceration, and he was directed to promptly advise the Court upon his release from incarceration (see Matter of Greebel , 2019 NY Slip Op 60143[U]). After the respondent's release from incarceration, by decision and order on motion dated May 26, 2020, this Court directed the respondent to show cause at a hearing, before John J. Halloran, Jr., as Special Referee, why a final order of suspension, censure, or disbarment should not be made based on his conviction of serious crimes.



Gary L. Casella, White Plains, NY (Glenn E. Simpson of counsel), for petitioner.
Frankfurt Kurnit Klein & Selz P.C., New York, NY (Ronald C. Minkoff and Tyler Maulsby of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
The respondent, Evan Louis Greebel, has submitted an affidavit sworn to on October 6, 2020, in support of his application to resign as an attorney and counselor-at-law (see 22 NYCRR 1240.10), in lieu of further proceedings in connection with his conviction on December 27, 2017, in the United States District Court for the Eastern District of New York.
The respondent acknowledges in his affidavit that he is currently the subject of an investigation by the Grievance Committee for the Ninth Judicial District, and that the allegations include at least the following acts of professional misconduct: Upon a jury trial in the United States District Court for the Eastern District of New York, on December 27, 2017, he was found guilty of conspiracy to commit wire fraud and conspiracy to commit securities fraud, and on August 17, 2018, he was sentenced, inter alia, to 18 months' imprisonment on each offense, to be served concurrently, followed by 3 years of supervised release. The respondent further acknowledges that his convictions constitute "serious crimes" under Judiciary Law § 90(4) and constitute a finding of misconduct under the Rules of Professional Conduct, requiring the imposition of discipline. He attests that he cannot [*2]successfully defend against these facts and circumstances.
The respondent acknowledges that his resignation is freely and voluntarily tendered, without coercion or duress by anyone, with full awareness of the consequences, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law.
The respondent states that the Grievance Committee's investigation does not include any allegations that he willfully misappropriated or misapplied money or property.
The respondent acknowledges that his resignation is submitted subject to any future application that may be made by a Grievance Committee to any Department of the Appellate Division for an order, pursuant to Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund for Client Protection, and that he consents to the continuing jurisdiction of the Appellate Division to make such an order.
The respondent acknowledges that in the event that the Court accepts his resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Grievance Committee contends that the resignation fully complies with the requirements of 22 NYCRR 1240.10 and, therefore, recommends its acceptance.
Additionally, the respondent, by counsel, requests that his resignation be accepted and that his name be stricken from the roll of attorneys and counselors-at-law nunc pro tunc to the date he ceased practicing law, March, 1, 2016, or alternatively, the date of his conviction, or alternatively, the date of his interim suspension. The Grievance Committee takes no position with respect to this request.
Inasmuch as the respondent's application to resign complies with the requirements of 22 NYCRR 1240.10, the application is granted, and effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law. The respondent's request that his name be stricken nunc pro tunc is denied. In view of the respondent's disbarment, on the Court's own motion, the hearing before the Special Referee, as directed by decision and order on motion of this Court dated May 26, 2020, is discontinued.
MASTRO, A.P.J., RIVERA, DILLON, CHAMBERS and BARROS, JJ.,concur.
ORDERED that the application of the respondent, Evan Louis Greebel, a suspended attorney, to resign as an attorney and counselor-at-law is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Evan Louis Greebel, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Evan Louis Greebel, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Evan Louis Greebel, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Evan Louis Greebel, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f); and it is further,
ORDERED that the request of the respondent, Evan Louis Greebel, that his name be stricken nunc pro tunc is denied; and it is further,
ORDERED that the hearing before the Special Referee, as directed by decision and order on motion of this Court dated May 26, 2020, is discontinued.
ENTER:
Aprilanne Agostino
Clerk of the Court